RECEIVED
USDC. CLERK. CHARLESTON. S

2009 JUN 29 P 2: 30

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

THOMAS JEFFERSON BRELAND, III, )    C/A No. 2:09-195-RBH-RSC
                               )
           Petitioner,         )
                               )
        -versus-               )    **REPORT AND RECOMMENDATION**
                               )
UNITED STATES OF AMERICA; and  )
WARDEN OF FCI-EDGEFIELD,       )
                               )
           Respondents.        )

This habeas corpus petition brought pursuant to 28 U.S.C. § 2241 by a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge on the respondents' motion for summary judgment filed on May 6, 2009. 28 U.S.C. § 636(b).

**PROCEDURAL BACKGROUND**

On May 19, 1998, a federal grand jury in the Northern District of Florida returned a two-count Indictment charging the petitioner, Thomas Jefferson Breland, III, and two co-defendants with Count One, conspiring to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846; and charging Breland and Johnnie Frank Emanuel with Count Two, using and carrying a firearm during and in relation to a drug trafficking crime, in violation on 18 U.S.C. § 924(c) and 2. See Pet.'s Ex. 2. A jury was selected on July 6, 1998, and on July 9, 1998, the jury found Breland guilty on both counts. (Res. Attch. A, Criminal Docket for Case # 3:98-

1

cr-00047-LC-2). On September 18, 1998, the district court sentenced Breland to 360 months of imprisonment for Count One, with an additional 60 months as to Count Two, to run consecutively to Count One.

Breland appealed his conviction and sentence, and the Eleventh Circuit Court of Appeals affirmed both. On November 14, 2000, Breland filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 and filed an amended motion on June 26, 2001. The district court denied Breland's motion on August 9, 2001, and denied Breland's Motion for a Certificate of Appealability on November 19, 2001. The Eleventh Circuit denied Breland's appeal of the district court's decision on January 28, 2002.

On February 22, 2005, the district court denied Breland's application for leave to file a successive motion pursuant to 28 U.S.C. § 2255. Thereafter, Breland filed a motion pursuant to 28 U.S.C. § 2241 and a Rule 35(b) motion on March 16, 2006, which the district court denied. On May 12, 2008, Breland filed a motion to reduce his sentence, based on the Sentencing Guidelines Amendment regarding crack cocaine. The district court denied that motion on July 3, 2008. This petition followed on January 26, 2009, and was amended on March 13, 2009.

In his original petition Breland posited the following question:

> Whether the holdings of United States v. Hadden, 475 F.3d 652 (4th Cir. 2007) and United

> States v. Watson, 128 S.Ct. 579 (2007) provide a basis for the Court to vacate Breland's conviction under 18 U.S.C. § 924(c)?

In his amended petition Breland posited the following questions:

> 1. Whether the holding of United States v. Sullivan, 455 F.3d 248 (4th Cir. 2006) provides a basis for relief?
>
> 2. Whether the holding of United States v. Cotton, 261 F.3d 397 (4th Cir. 2001) provides a basis for relief?

On May 6, 2009, the respondents filed a motion for summary judgment as well as a copy of the court's docket in Breland's underlying conviction in 3:98-cr-00047-LC-2. On May 8, 2009, Breland was provided a copy of the respondents' motion for summary judgment and exhibit and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Breland filed a response in opposition to the respondents' motion on June 8, 2009. Hence it appears consideration of the motion is appropriate.

## **DISCUSSION**

A review of the record and relevant case law indicates that this action should be dismissed for want of jurisdiction.

The respondents correctly argue that this petition brought by the petitioner pursuant to 28 U.S.C. § 2241 is actually

subject to 28 U.S.C. § 2255, is impermissibly successive and was brought without permission being obtained from the Court of Appeals. Therefore, this court lacks jurisdiction, and it should be dismissed on that basis.

Breland argues he seeks to have his convictions overturned as authorized pursuant to 28 U.S.C. § 2241(c)(3).

It is undisputed that Breland unsuccessfully applied for post-conviction relief under 28 U.S.C. §2255 in the sentencing court in 2000 and again in 2005. Thus, it appears that Breland is now pursuing relief in this court under § 2241 because filing a motion under § 2255 in the sentencing court would be barred as a successive petition. See 28 U.S.C. § 2255.

However, under these circumstances, Breland is expressly precluded by § 2255 from pursuing any relief under § 2241. Section 2255 states that an application such as the petitioner's "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief ..."

Breland seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, merely because relief has become unavailable under § 2255 because

of a limitation bar, such as the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, supra at 333-334.

Breland relies upon the holding of United States v. Sullivan, 455 F.3d 248 (4th Cir. 2006), to support his claim that his conviction under 18 U.S.C. § 924(c) should be vacated as "legally unsustainable." He argues that in order for the United States to sustain the charge that he used and carried a firearm during and in relation to a drug-trafficking crime, the United States was required to show that the firearm "furthered,

advanced, or helped forward [the] drug trafficking crime." (Am. Pet. at 5 (citing Sullivan, 455 F.3d at 260)). However, Sullivan deals with sufficiency of the evidence and did not substantively change the law to de-criminalize any behavior of which Breland was convicted, as is necessary to show that § 2255 is an inadequate or ineffective remedy.

In Sullivan, the defendant challenged the sufficiency of the evidence upon which his 18 U.S.C. § 924(c) conviction was based. Likewise, Breland's argument is that the United States did not present sufficient evidence to convict him because his firearm was "inside the passenger front door of another individual's car." (Am. Pet. at 3). Sullivan does not help Breland; Breland has not shown that, subsequent to his appeal and first §2255 motion, "the substantive law change[d] such that the conduct of which [he] was convicted is deemed not to be criminal." As such, this claim can only be brought as a successive § 2255 claim, for which he must obtain leave of the Eleventh Circuit Court of Appeals to file in the Northern District of Florida where he was convicted.

Breland's second grounds for relief in his amended petition fares no better. Breland argues that under the Fourth Circuit's holding in United States v. Cotton, 261 F.3d 397 (4th Cir. 2001), the district court for the Northern District of Florida did not have jurisdiction to impose a sentence greater than

twenty years because the indictment in his case did not allege a specific drug quantity. (Am. Pet. at 6-7.)  Cotton was reversed in relevant part by the Supreme Court. See United States v. Cotton, 535 U.S. 625 (2002).

In United States v. Cotton, the superseding indictment under which the defendants were convicted did not allege any of the threshold levels of drug quantity that led to enhanced penalties under 21 U.S.C. § 841(b).  Cotton, 535 U.S. at 628.  At sentencing, the district court found drug quantities resulting in sentences of thirty years.  Id.  While the Cotton defendants' appeal was pending, the Supreme Court, in Apprendi v. New Jersey, 530 U.S. 466 (2000), held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Cotton at 627-628. The Fourth Circuit then vacated Cotton's sentence and remanded the case to the district court "because an indictment setting forth all the essential elements of an offense is both mandatory and jurisdictional," and "a court is without jurisdiction to ... impose a sentence for an offense not charged in the indictment." Id. at 629 (quoting Cotton, 261 F.3d at 404-405).  The Supreme Court reversed the Fourth Circuit holding that defects in an indictment do not deprive a court of its power to adjudicate a case and that under plain error analysis, the error of sentencing

7

a defendant to greater than the maximum statutory sentence without a jury finding of a threshold drug quantity did not seriously affect the fairness, integrity, or public reputation of judicial proceedings, as the evidence was overwhelming and essentially uncontroverted. Id. at 633.

Breland's claim is controlled by San Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), which addressed the issue of whether the holding of Apprendi may be raised in a § 2241 petition. The Fourth Circuit observed that the Supreme Court did not make the Apprendi rule retroactive in its decision. The Fourth Circuit further noted that, in United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), it had decided that the Apprendi rule did not fall into either of the two exceptions to the nonretroactivity rule set forth in Teague v. Lane, 489 U.S. 288 (1989). San Miguel, 291 F.3d at 260. The Fourth Circuit conclude, "[t]he fact that petitioners are attempting to bring their petitions under § 2241 does not alter the clear holdings in both Sanders and Burch. Therefore, petitioners may not raise their Apprendi claims in a petition for writ of habeas corpus under § 2241 or in a subsequent § 2255 motion." Id. at 261. Likewise, Breland's claim does not come within the § 2255 "savings clause" because Apprendi was decided prior to the filing of his petition pursuant to 28 U.S.C. § 2255 on November 14, 2000.

Next, in his original petition for a writ of habeas corpus here Breland claims that his conviction under 18 U.S.C. § 924(c) should be vacated because he is "legally, factually, and actually innocent" based on the holdings of United States v. Watson, 128 S.Ct. 579 (2007) and United States v. Hadden, 475 F.3d 652 (4th Cir. 2007). (Pet. for a Writ of Habeas Corpus at 3). However, the holdings of these cases are not applicable to Breland's case.

In Hadden, the defendant was charged with "use" of a firearm in relation to a drug-trafficking crime. The charge of a violation of 18 U.S.C. § 924(c) did not include an allegation that the defendant had "carried" a firearm in relation to a drug-trafficking crime. 474 F.3d at 655. Hadden filed a § 2255 petition claiming ineffective assistance of counsel due to trial counsel's failure to object to the jury charge based on the holding of Bailey v. United States, 516 U.S. 137 (1995), which required "active employment of a firearm" in order to support § 924(c)'s "use" of a gun during the commission of a drug crime. 475 F.3d at 657. The district court informed the government that if it did not intend to retry the gun charge, the court would vacate that charge. Id. The Government elected not to retry the gun charge, and the district court dismissed the § 924(c) count, amending the judgment accordingly.

The Fourth Circuit holdings in Hadden involved were, for the most part, procedural issues relating to § 2255 claims. The

holdings of <u>Hadden</u> did not cause a substantive change to the law, such that the conduct of which Breland was convicted was deemed not to be criminal.

Petitioner has not set forth any set of facts which could be construed to meet the test announced in <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000), to find that a habeas petition under §2255 was inadequate or ineffective to test the legality of Breland's detention. As a result, this court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

### CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the petition be dismissed without prejudice for want of jurisdiction.[1]

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

June 29, 2009

---

[1] The Petitioner is still free to petition the Eleventh Circuit Court of Appeals for leave to file a successive § 2255 in the appropriate jurisdiction.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).